United States District Court
District of Massachusetts

```
                                    )
J. Whitfield Larrabee,              )
                                    )
        Plaintiff,                  )
                                    )
        v.                          )      Civil Action No.
                                    )      25-10947-NMG
Donald J. Trump, et al.,            )
                                    )
        Defendants.                 )
                                    )
```

MEMORANDUM & ORDER

GORTON, J.

This case arises from the amended complaint of J. Whitfield Larrabee ("Larrabee" or "plaintiff"). He alleges that since taking office, President Donald J. Trump ("President Trump") has engaged in a course of unconstitutional conduct (collectively, "the Policy") by issuing executive orders that punish and threaten to punish lawyers and law firms that he dislikes. Larrabee asks the Court to declare the Policy unconstitutional and to enjoin President Trump and other named defendants (collectively, "defendants") from taking any such action against him.

The government moves to dismiss the amended complaint for lack of jurisdiction, arguing that plaintiff has failed to establish actual or imminent injuries and therefore lacks standing to sue under Article III of the Constitution. For the reasons that follow, that motion will be allowed.

- 1 -

## I. **Facts**

### A. **The Policy**

In March, 2025, President Trump issued a memorandum to the Attorney General and the Secretary of Homeland Security titled "Preventing Abuses of the Legal System and Federal Court." That Memo directed the Attorney General to seek sanctions against attorneys and law firms who engage in "frivolous, unreasonable, and vexatious litigation against the United States." It also directed the Attorney General to review conduct of attorneys and their law firms in litigation against the Federal Government over the past eight years and, if any misconduct were to be identified, to recommend additional steps to be taken, including reassessment of security clearances and federal contracts.

Contemporaneously, President Trump began to issue Executive Orders ("EOs") that purported to address the conduct of and risks posed by specific law firms. Plaintiff alleges that such EOs targeted law firms based on their past representation of clients and causes disfavored by President Trump. The EOs restricted the access of those law firms to federal buildings and limited official interactions between federal government personnel and their attorneys. Several law firms agreed to provide substantial pro bono work favored by President Trump in order to avoid being subject to similar EOs.

- 2 -

## B. **Larrabee**

Plaintiff, an attorney and self-described adversary of President Trump, alleges that he has a history of engaging in litigation against President Trump and has represented causes disfavored by him. He says:

> [s]o long as Trump is President, [he] intend[s] to make additional legal complaints against Trump's businesses, family members and associates where there are good grounds to do so.

He contends that he faces "a credible threat that the policy will be enforced against [him]" if he follows his intended course of conduct. He further claims that he has been deterred from representing particular clients and has been "engaged in self-censorship" out of fear of such enforcement.

## II. **Legal Standard**

Article III confines the jurisdiction of a federal court to actual "cases" or "controversies." Clapper v. Amnesty Int'l USA, 568 U.S. 398, 408 (2013). One element of the case-or-controversy requirement is that plaintiffs must establish they have standing to sue, which requires that a plaintiff 1) has suffered an injury in fact, 2) fairly traceable to the actions of the defendant that is 3) likely to be redressed by a favorable judicial decision. Spokeo, Inc. v. Robins, 578 U.S. 330, 338 (2016).

Injury in fact is the "first and foremost" of the three requirements for standing. Id.  It requires an injury that is "concrete, particularized, and actual or imminent." Blum v. Holder, 744 F.3d 790, 796 (1st Cir. 2014).  With respect to imminence, allegations of possible future injury are insufficient to confer standing, and plaintiffs

> cannot manufacture standing merely by inflicting harm on themselves based on their fears of hypothetical future harm that is not certainly impending.

Clapper, 568 U.S. at 409, 416.

An allegation of future injury may suffice, however, if the threatened injury "is certainly impending or if there is a substantial risk that harm will occur." Reddy v. Foster, 845 F.3d 493, 500 (1st Cir. 2017) (citing Clapper and Susan B. Anthony List v. Driehaus, 573 U.S. 149 (2014)).  When the alleged injury is the enforcement of a law, to determine whether plaintiffs have standing, the court must assess the risk of prosecution, taking into consideration any "lack of a history of enforcement of the challenged statute to like facts" and whether "enforcement has been threatened as to plaintiffs' proposed activities." Blum, 744 F.3d at 798.

## III. Discussion

The government contends that plaintiff has not alleged actual or imminent injury traceable to the Policy.  The Court agrees.

- 4 -

## A. Actual Injury

Defendant submits that he is currently suffering actual and ongoing injuries resulting from the Policy.  Specifically, he alleges that he has refrained from representing particular clients and causes that are adverse to or disfavored by President Trump.  Such allegations are insufficient where plaintiff has failed to establish that any future harm is certainly impending. See Clapper, 568 U.S. at 416.  As discussed below, plaintiff has made no such showing and thus his attempt to establish standing is unavailing.

## B. Imminent Injury

Plaintiff contends that he faces a credible threat of enforcement sufficient to confer standing because the Policy has been recently enforced against others and the government has not disclaimed enforcement against him.  Relying on pre-Clapper precedent, he asserts that the credible threat of enforcement standard is "quite forgiving."  That assertion is inconsistent with Reddy and Blum.  Indeed, the First Circuit Court of Appeals has recognized that Clapper superseded parts of its standing jurisprudence. See Blum, 744 F.3d at 798 (noting that before Clapper, this circuit applied an "objectively reasonable fear of prosecution injury standard") (internal quotations omitted).

Under the applicable standard, plaintiff must show that the enforcement is certainly impending or that there is a

- 5 -

substantial risk that harm will occur. See supra.  He has not met that burden here.  First, the Court must give weight to the fact that there is no history of enforcement of the Policy with respect to like facts. Blum, 744 F.3d at 798.  The Policy has thus far been enforced against large, international law firms associated with attorneys who led investigations into President Trump or previously represented his political opponents. Plaintiff is not similarly situated to those individuals and provides no indication that the Policy has been applied to similar facts.[1]

Larrabee's reliance on Driehaus is unavailing.  The three factors supporting imminent enforcement in that case are inapplicable here. See Driehaus, 573 U.S. at 164-66 (noting that the challenged policy had previously been enforced against plaintiff, conferred broad authority on private citizens to instigate enforcement proceedings and its enforcement was "not a rare occurrence").  Here, the Policy can only be enforced by President Trump and a select few members of his Cabinet and it has not previously been enforced against Larrabee or similarly situated individuals.  Indeed, enforcement of the Policy has been a rare, headline-making occurrence, and more than one year

---

[1] For that reason, the Court is underwhelmed by plaintiff's Notice of Supplemental Authority (Dkt. No. 22), which refers the Court to the American Bar Association members who have already been subject to enforcement of the Policy, but who, in the Court's opinion, are not similarly situated to the plaintiff.

has elapsed since the most recent enforcement action. Furthermore, in Driehaus the Court declined to determine whether the civil enforcement proceedings, without the additional threat of criminal prosecution, was sufficient to confer standing. Larrabee does not allege any threat of criminal prosecution connected with the Policy.

In sum, the Court finds that plaintiff does not face an imminent injury and thus lacks Article III standing. Having so decided, the Court declines to address the parties' other arguments.

### ORDER

For the foregoing reasons, the government's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Dkt. No. 19) is **ALLOWED**.

**So ordered.**

_____
Nathaniel M. Gorton
Senior United States District Judge

Dated:   June 5 , 2026

- 7 -